UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY CORVIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff.<br><br>v.<br><br>OSMOSE UTILITIES SERVICES, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL FROM STATE COURT

**PLEASE TAKE NOTICE** that Defendant Osmose Utilities Services, Inc. ("Osmose" or "Defendant") hereby respectfully removes the above-captioned matter from the Court of Common Pleas of Mifflin County to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§1441 and 1446. The grounds for removal are as follows:

**I.  Proceedings to Date.**

1. On or about October 24, 2022, Plaintiff filed a Complaint in the Court of Common Pleas of Mifflin County captioned *Timothy Corvin v. Osmose Utilities Services, Inc.*, Docket No. 2022-00742 (hereinafter, the "State Court Action.")

2. Plaintiff's counsel emailed counsel for Defendant a copy of the Complaint on November 8, 2022, and a copy of Acceptance of Service on November 28, 2022.

3. On December 12, 2022, Defendant executed an Acceptance of Service.

4. Defendant has filed this Notice of Removal within thirty days of Defendant executing the Acceptance of Service. The Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b)(2).

5. Pursuant to 28 U.S.C. §1446(a) copies of the Complaint and Waiver of Service of Summons, which constitute all process, pleadings, and orders Defendant received are attached as **Exhibit A**.

6. As of this date, no responsive pleadings have been filed in the State Court Action.

## II. Grounds for Removal.

### A. This Court Possesses Diversity Jurisdiction.

7. According to the Complaint, and upon information and belief, Plaintiff is a citizen of Maryland, residing in Carroll County. (Compl. ¶ 11.) For purposes of diversity jurisdiction under 28 U.S.C. §1332(a), Plaintiff is a citizen of Maryland.

8. Osmose is a Delaware corporation whose principal place of business located at 635 Highway 74 S., Peachtree City, Georgia 30269. (Compl. ¶ 12; Declaration of Katherine Morrill ("Morrill Decl."), attached hereto as **Exhibit B**, ¶ 4.). For purposes of diversity jurisdiction under 28 U.S.C. §1332(a), Osmose is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

9. Therefore, diversity of citizenship existed among the parties when the State Court Action was filed on or about October 24, 2022. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

**B.    The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

10.    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, inasmuch as Plaintiff's Complaint seeks lost wages, liquidated damages, and attorneys' fees.[1]  Compl. ¶¶ 63, 69.

11.    *Lost Wages*.  Plaintiff alleges to have worked as a Crew Member for Osmose in Pennsylvania from January 2022 through March 2022 (approximately 12.71 weeks).  (Compl. ¶ 11.)  During that time period, Plaintiff earned $18.15 per hour and averaged approximately 37.52 hours worked each week.  (Morrill Decl. ¶¶ 8, 9.)  Plaintiff alleges in his Complaint that Crew Members worked up to 7 days per week and up to 10 hours per day, or up to 70 hours per week, but were not clocked in and paid for certain tasks, such as travel time, trash removal, cleaning the truck, and unloading equipment.  (Compl. ¶¶ 20-22, 29-38.)  Plaintiff accordingly purports to have worked approximately 31.52 unpaid straight time hours and 381.3 unpaid overtime hours.  As such, Plaintiff alleges to be owed up to $572.01 in unpaid straight time (calculated by multiplying $18.15 by purported unpaid straight time hours) and $10,382.80 in overtime (calculated by multiplying $27.23 by purported overtime hours).

12.    *Liquidated Damages*.  In addition to lost wages, Plaintiff seeks liquidated damages for purported underpayments pursuant to Pennsylvania's Wage

---

[1] By acknowledging this matter satisfies the "amount in controversy" requirement, Defendant in no way suggest or admit Plaintiff is entitled to any damages.  To the contrary, Defendant denies Plaintiff is entitled to any damages.

Payment and Collection Law. (Compl. ¶ 69.) The amount of Plaintiff's purported unpaid and overtime amounts liquidated is equal to an additional $2,738.70.

13. *Attorneys' Fees*. Finally, Plaintiff's request for attorneys' fees is considered when calculating the amount in controversy. *See Suber v. Chrysler Corp.*, 104 F.3d 578 (3rd Cir. 1997) ("[A]ttorney's are necessarily part of the amount of controversy if such fees are available to successful plaintiffs under the statutory cause of action."). While Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could exceed any damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d. 1029, 1032-35 (N.D. Cal. 2002) (holding that attorney's fees are projected at the time of removal and include the entire lifespan of the case for purposes for determining the amount in controversy).

14. Based on these combined damages – lost wages, liquidated damages, and attorneys' fees – there can be little dispute that the amount in controversy more likely than not exceeds the statutory requirement for federal jurisdiction. Therefore, the United States District Court for the Middle District of Pennsylvania has diversity jurisdiction under 28 U.S.C. §1332(a), as this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

**III. Venue.**

15. This action is currently pending in the Court of Common Pleas of Mifflin County, which is within this judicial district and division. 28 U.S.C. §118(b). This Court is accordingly the proper venue for removal.

## IV. Notice.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal shall be promptly served upon Plaintiff's counsel and promptly filed with the clerk of the Common Pleas of Mifflin County.

## V. Conclusion.

17. For the preceding reasons, Defendant hereby removes the State Court Action to this Court.

18. In filing this Notice of Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction nor does it waive any other defenses available to it.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

*/s/ Heather Steele*
Heather Steele (PA #91391)
FISHER & PHILLIPS LLP
Two Logan Square, 12th Floor
100 N 18th Street
Philadelphia, PA 19103
Phone: (610) 230-2134
hsteele@fisherphillips.com

*/s/Matthew R. Simpson*
Matthew R. Simpson
Georgia Bar No. 540260*
msimpson@fisherphillips.com
JonVieve D. Hill
Georgia Bar No. 907946*
jhill@fisherphillips.com
FISHER & PHILLIPS, LLP

1230 Peachtree Street NE, Ste 3300
Atlanta, GA 30309
Telephone: (404) 231-1400
Facsimile: (404) 240-4249
*Pro Hac Vice Application Forthcoming

*Attorneys for Defendant*

Dated:  December 28, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2022, I electronically filed the foregoing Notice of Removal from State Court with the Clerk of the Court using the CM/ECF system and served counsel of record via email and U.S. Mail as follows:

>Jason T. Brown
>Nicholas Conlon
>BROWN, LLC
>111 Town Square Place, Suite 400
>Jersey City, NJ 07310
>jtb@jtblawgroup.com
>nicholasconlon@jtblawgroup.com

>*s/ Heather Steele*
>Heather Steele